UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY NELSON,

    Plaintiff,

v.   Case No. 3:18-cv-1334-J-39JBT

SGT. W.I. HOWARD, Jr.,

    Defendant.

_____

# ORDER

## I. Status

Plaintiff, an inmate of the Florida penal system, initiated this action on November 9, 2018, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) pursuant to 42 U.S.C. § 1983. On November 19, 2018, the Court granted Plaintiff's motion to proceed as a pauper. See Order (Doc. 9). On December 14, 2018, the Court granted Plaintiff leave to file an amended complaint to add defendants he claimed retaliated against him for filing the Complaint. See Order (Doc. 12). Plaintiff has now filed a "Petition to the Courts for Asylum and Protection From Harm and Imminent Danger" (Doc. 13; Petition), construed as a motion for preliminary injunction; a "Motion for Leave to File an Amended Complaint" (Doc. 14; Motion to Amend) with a proposed amended complaint (Doc. 14-1; PAC); an "Affidavit of Indigency," construed as a motion for leave to proceed in forma pauperis (IFP) (Doc. 15; IFP Motion); and a Notice to the Court (Doc. 17; Notice). Before the Court addresses Plaintiff's Petition and the Motion to Amend, the Court will briefly address the IFP Motion and Notice.

First, Plaintiff's IFP Motion is due to be denied as moot. As noted, the Court has already granted Plaintiff's request to proceed as a pauper in this case. See Order (Doc. 9).[1] Second, Plaintiff's Notice is due to be stricken. Plaintiff is reminded that any request for relief must be presented in a proper motion in compliance with this Court's Local Rules. To the extent Plaintiff requests the Court to contact the law library staff at his correctional institution, he should know that the Court may not interfere in matters of prison administration. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). If Plaintiff is having problems accessing legal resources and copying services, he should notify the appropriate officials at the institution and pursue available remedies through the prison grievance process.

## II. Petition

In the Petition, Plaintiff seeks an "order of asylum and protection from harm" because he faces "life threatening danger at the hands and mercy of the immediate correctional officers in the institution." See Petition at 1. Plaintiff states that corrections officers threatened him to dismiss his lawsuit and placed him on property restriction for seventy-two hours. During that time, Plaintiff asserts, he was deprived of bedding and clothes other than underwear, and the temperature in his cell was about thirty degrees. He also reports officers have retaliated against him for filing grievances and for having his "legal work" in his cell. Id. Plaintiff further reports he has witnessed three specific corrections officers assaulting other inmates. Id. at 2. Plaintiff does not state that the

---

[1] It appears Plaintiff filed a motion to proceed as a pauper because he attempts to institute a new action based on incidents that occurred after he filed his Complaint.

corrections officers have physically assaulted him, but asserts they make threats against him, harass him, and trash his cell, which causes him "mental anguish" and to have "bad thoughts."[2]

The Court finds that injunctive relief is not warranted because Plaintiff's Petition does not comply with this Court's Local Rules, which require in part that a motion for injunctive relief demonstrate the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and be accompanied by a memorandum of law. See Rules 4.05(b)(1)-(4), 4.06, Local Rules of the United States District Court for the Middle District of Florida. Plaintiff has not submitted a memorandum of law. Moreover, to the extent Plaintiff complains of past harm, he fails to demonstrate that he will suffer irreparable injury in the future. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent'"). Accordingly, to the extent Plaintiff seeks injunctive relief, his Petition is due to be denied.

### III. Motion to Amend

In his Motion to Amend, Plaintiff states that he would like to "add more partys [sic]." Motion to Amend at 1. While the Court previously granted Plaintiff leave to amend his Complaint, the Court informed Plaintiff that he may add "related claims only." See Order (Doc. 12). Upon review of Plaintiff's PAC, it appears that Plaintiff's claims against the proposed defendants are unrelated to the original claim. In his Complaint, Plaintiff names

---

[2] In light of Plaintiff's assertions, the Court issued the Amended Standing Order, which serves to notify the Inspector General and the Warden of Plaintiff's institution of a report of suicidal intent or other imminent physical harm. See Order (Doc. 16).

one Defendant, Sgt. Howard, for an alleged excessive-use-of-force incident that occurred on September 24, 2017. See Complaint at 2, 3-5. In his PAC, however, Plaintiff references an incident that occurred on November 30, 2018, involving proposed defendants Burnette, Stoke, Nash, and Lindblade. Plaintiff states the proposed defendants improperly placed him "on strip" on the pretext that his cell was in disarray. See PAC at 4-5. Officers Burnett, Stoke, and Nash taunted Plaintiff and then sprayed him with chemical spray. Id. Plaintiff asserts that once at the nurse's station, after a decontamination shower, he "was told" he would "think twice" before filing grievances and lawsuits. Id. Plaintiff does not state who made this remark. Plaintiff also says that either the nurse or Lindblade told him he should "respect Sgt. L. Debois, C.O.D. Rather, and C.O. Coleman[3] [and] call off the law sue [sic] that [he] has been going on [and then] they'll leave [him] alone." Id. Plaintiff then details the seventy-two-hour property restriction he describes in the Petition. See id. at 6.

Upon review of the PAC, it appears Plaintiff's claims against the proposed defendants are not sufficiently related to the claim raised in his Complaint such that he should be entitled to pursue the claims in this action. Plaintiff states he believes the "adverse action" he has faced is a result of the lawsuit he filed, see PAC at 7, though he provides no facts to connect the proposed defendants' conduct to the claim against Defendant Howard. For instance, Plaintiff asserts that he has been threatened for writing grievances and filing lawsuits, but he does not mention this lawsuit or Defendant Howard as the basis for the retaliation. In fact, Plaintiff does not reference Defendant Howard at

---

[3] Notably, Plaintiff does not name any of these individuals in his Complaint. See Complaint at 2, 4-5.

all in his PAC. Instead, he states generally that individuals have told him to drop the lawsuit and stop filing grievances, and he states that he was warned to stop disrespecting corrections officers not named as defendants in this case. Thus, Plaintiff alleges only an attenuated connection between the proposed defendants' conduct and this lawsuit. Even to the extent Plaintiff was threatened about filing this lawsuit, much of the conduct of which he complains, such as the property restriction and chemical spray, sound like new violations that he should pursue in a separate action.[4]

Because it appears the claims against the four proposed defendants identified in the PAC are not related to the incident involving Defendant Howard, the Court will deny Plaintiff's Motion to Amend. If Plaintiff wishes to pursue claims against the proposed defendants, he should initiate a separate civil rights case against those individuals. The claim against Defendant Howard will proceed, and the Court will direct service of process of the Complaint by separate order.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Petition to the Courts for Asylum and Protection From Harm and Imminent Danger (Doc. 13) is **DENIED**.

2. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 14) is **DENIED**.

---

[4] The Court also notes that while Plaintiff states he has grieved the claims against the proposed defendants, it is questionable whether he has exhausted his administrative remedies under the Florida Administrative Code.

3. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 15) is **DENIED as moot**.

4. Plaintiff's Notice to the Court (Doc. 17) is **STRICKEN**.

5. The **Clerk of Court** shall mail to Plaintiff a civil rights complaint form and an affidavit of indigency form for his use if he intends to institute a new action against other individuals for alleged constitutional violations that occurred after he filed his Complaint in this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of January, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Jeffrey Nelson, #199489